FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARREL K., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 1:19-CV-3157-RMP <br><br> ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Darrel K.[1], ECF No. 14, and the Commissioner of Social Security ("Commissioner"), ECF No. 24. Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of his claim for supplemental security income under Title XVI of the Social Security Act (the "Act"). Having reviewed the parties' motions, Plaintiff's reply, the administrative

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses only Plaintiff's first name and last initial.

ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

record, and the relevant law, the Court is fully informed. The Court denies Plaintiff's motion and grants the Commissioner's motion.

## BACKGROUND

**A. Plaintiff's Claim for Benefits and Procedural History**

On September 14, 2009, Darrel protectively filed a Title XVI application for supplemental security income. At the time, Darrel was 21 years old and indicated that he was unable to work due to chronic pain in his bones and joints, gout, and insomnia. Administrative Record ("AR")[2] 359−62, 369, 1104. After an initial hearing and supplemental hearing in this matter, the ALJ found that Darrel was not disabled pursuant to the Social Security Act. AR 142−48. On June 10, 2013, the Appeals Council vacated the ALJ's decision and remanded for an additional hearing. AR 155−58.

An ALJ held a hearing on remand on November 17, 2014. AR 1139. In a decision filed on March 11, 2015, the ALJ concluded that Darrel was not disabled. AR 1139−53. Following the denial of his request for review by the Appeals Council, Plaintiff appealed from the ALJ's decision to this District. AR 1168−69. On March 22, 2018, the district court granted Darrel's motion for summary judgment, finding that the ALJ had improperly given minimal weight to Plaintiff's treating physician Caryn Jackson and examining psychologist R.A. Cline. AR

---

[2] The AR is filed at ECF No. 8.

ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

1178−96.  Pursuant to the Court's order, the Appeals Council vacated the March 11, 2015 administrative decision and remanded for further proceedings.  AR 1198−1200.

On November 16, 2018, ALJ Timothy Mangrum held a hearing in Yakima, Washington.  AR 1085−1105.  Darrel was represented at the hearing by counsel Robert Tree, and the ALJ also heard from vocational expert Kimberly Mullinax.  AR 1085.

B. **ALJ's Decision**

On March 20, 2019, the ALJ issued an unfavorable decision.  AR 1087.  Applying the five-step evaluation process, Judge Mangrum found:

> **Step one:** Plaintiff had not engaged in substantial gainful activity since September 14, 2009, the application date.  AR 1087.
>
> **Step two:** Plaintiff has the following severe impairments that are medically determinable and significantly limit his ability to perform basic work activities: coronary artery disease, status-post pacemaker, a history of spinal fractures, obesity, gout, affective disorder, and anxiety-related disorder.  AR 1087−88.  The ALJ found that: Darrel's seizure disorder is a non-severe impairment; Darrel does not have a medically determinable impairment of autism, attention deficit hyperactivity disorder (ADHD), or sleep apnea; and the other occasional impairments referred to in the record, including hypertension, hyperlipidemia, allergic rhinitis, asthma, urinary retention,

ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1  cellulitis, skin infection, pneumonia, hypothyroidism, costochondritis,
2  buttock abscess, right hip pain, right inguinal hemorrhage, right great toe
3  numbness, right arm pain, abdominal pain, edema, generalized malaise,
4  stomach ache, nausea, vomiting, headaches, and "other vague complaints"
5  are non-severe.  AR 1087−88.
6  **Step three:** The ALJ concluded that Plaintiff's impairments,
7  considered singly and in combination, did not meet or medically equal
8  the severity of one of the listed impairments in 20 CFR Part 404,
9  Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926).
10  AR 1089.
11  **Residual Functional Capacity ("RFC"):** The ALJ found that
12  Plaintiff had the RFC to:

> Perform light work as defined in 20 CFR 416.967(b).  The claimant can occasionally stoop, kneel, and crouch.  The claimant cannot crawl.  The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.  The claimant should avoid concentrated exposure to pulmonary irritants, extreme cold, and extreme wetness.
>
> The claimant can understand, remember, and carry out simple and some detailed tasks in 2-hour intervals. Contact with the general public should not be an essential element of the job, but incidental contact is not precluded. The claimant cannot perform tasks in tandem with coworkers, but coworkers can be in the general vicinity.

AR 1090.

In determining Plaintiff's RFC, the ALJ found that Darrel's statements at the November 2018 hearing concerning the intensity, persistence and limiting effects of his symptoms "are not entirely consistent with the medical evidence and other evidence in the record . . . ." AR 1091.

**Step four:** The ALJ found that Darrel does not have past relevant work. AR 1104.

**Step five:** The ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform considering his age, education, work experience, and RFC. AR 1104. As the vocational expert testified, the ALJ found that the Darrel could perform the requirements of the following occupations: cleaner/housekeeping, assembler/production, packing line worker, escort vehicle driver, document preparer, and assembler. AR 1104. Consequently, the ALJ concluded that Darrel is not disabled pursuant to the Social Security Act. AR 1105.

Darrel thereafter filed a request for review with the Appeals Council, which was denied. AR 1198−1201. The ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 422.201.

/ / /

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

# LEGAL STANDARD

## A. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

1     It is the role of the trier of fact, not the reviewing court, to resolve conflicts

2 in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one

3 rational interpretation, the court may not substitute its judgment for that of the

4 Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v.*

5 *Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by

6 substantial evidence will still be set aside if the proper legal standards were not

7 applied in weighing the evidence and making a decision. *Brawner v. Sec'y of*

8 *Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is

9 substantial evidence to support the administrative findings, or if there is conflicting

10 evidence that will support a finding of either disability or nondisability, the finding

11 of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30

12 (9th Cir. 1987).

13     **B. Definition of Disability**

14     The Social Security Act defines "disability" as the "inability to engage in

15 any substantial gainful activity by reason of any medically determinable physical

16 or mental impairment which can be expected to result in death or which has lasted

17 or can be expected to last for a continuous period of not less than 12 months." 42

18 U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined

19 to be under a disability only if his impairments are of such severity that the

20 claimant is not only unable to do his previous work, but cannot, considering the

21 claimant's age, education, and work experiences, engage in any other substantial

1 gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

2 Thus, the definition of disability consists of both medical and vocational

3 components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### C. Sequential Evaluation Process

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. Step one determines if he is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past. If the claimant is able to perform his previous work, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in light of his residual functional capacity and age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

Plaintiff raises the following issues regarding the ALJ's decision:

- Did the ALJ provide legally insufficient reasons for rejecting the examining medical opinions of clinical psychologist R.A. Cline, Psy.D.?;

- Did the ALJ erroneously discount Darrel K.'s statements regarding the severity and limiting effects of his mental health symptoms?; and

- Did the ALJ erroneously reject the examining medical opinions of Jose Perez, M.Ed., Russel Anderson, M.S.W., Dick Moen, M.S.W., and Jan Kouzes, Ed.D.?

**A.    Treatment of Medical Opinion Evidence of Clinical Psychologist Cline**

Plaintiff argues that the ALJ erroneously rejected the medical opinions of R.A. Cline, Psy.D., who evaluated Darrel in 2014 and 2016, without providing sufficient reasons. ECF No. 14 at 7. Plaintiff further argues that "the longitudinal medical evidence does not, as found by the ALJ, demonstrate 'positive response to treatment' that undermines Dr. Cline's examining medical opinions." *Id.* at 11. Plaintiff characterizes the ALJ's basis for discounting Dr. Cline's opinions as picking out " 'a few isolated instances of improvement over a period of months or years'" and "'treat[ing] them as a basis for concluding the claimant is capable of working.'" *Id.* (quoting *Garrison*, 759 F.3d 995, 1017 (9th Cir. 2014)).

1       The Commissioner responds that the ALJ provided legally sufficient reasons
2  for affording Dr. Cline's opinions little weight. ECF No. 24 at 10. The
3  Commissioner notes that the ALJ discounted Dr. Cline's opinions as inconsistent
4  with medical records that Darrel had a positive response to treatment and usually
5  had mild depression when following treatment, and, further, that Dr. Cline had not
6  reviewed that evidence of improved mental health status with treatment. *Id.* at 11.
7       Dr. Cline opined that Darrel's mental health symptoms markedly limit his
8  ability to maintain employment. AR 979−83. ALJ Mangrum rejected Dr. Cline's
9  conclusions as inconsistent with Darrel's medical records, specifically six findings
10 of "mild depression" between August 2016 and October 2018. AR 1101−02. The
11 ALJ further noted that Dr. Cline relied in part on the claimant's self-reported
12 history of symptoms and limitations, which the ALJ found to be unreliable "given
13 evidence of symptom magnification, disability conviction, lack of candor regarding
14 substance use, noncompliance with treatment recommendations, repeated breaches
15 of his pain contract, egregiously blatant drug seeking behavior for narcotics and
16 benzodiazepines, and other discrepancies." AR 1102. The ALJ also rejected Dr.
17 Cline's opinion to the extent that it relied on Darrel's presentation because Dr.
18 Cline herself described the behaviors that she observed as "normal" and may have
19 supported some degree of limitation, but did not support an assessment of
20 "marked" limitations. AR 1102.
21

An ALJ may discredit a medical professional's opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings. *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (concluding that the rejection of medical opinions was supported by substantial evidence when the opinions were based on subjective complaints). Plaintiff's arguments go to whether other evidence in the record could have supported inferences other than those drawn by the ALJ. *See* ECF No. 14 at 8–15. However, the reasons provided by the ALJ for discounting Dr. Cline's opinions from 2014 and 2016 are permissible and accurately cite to the record. Dr. Cline partially relied on Darrel's presentation and his self-reported symptoms and limitations when she had not reviewed medical records undermining those reports. *See* AR 1102. The ALJ also provided specific support in the record for his conclusion that Dr. Cline's assessment of marked limitation was inconsistent with mental status findings in the record, including 2018 findings that were made after Dr. Cline's last evaluation of Plaintiff. *See* AR 1102, 3187, 3198, 3213, 3224, 3227, and 3238–39.

### B.    Treatment of Plaintiff's Symptoms Testimony

Plaintiff argues that the ALJ erroneously rejected Darrel's symptom testimony regarding the severity of his anxiety and panic attacks. ECF No. 14 at 19–20. As Plaintiff argued with respect to Dr. Cline, Plaintiff again argues that the ALJ's findings discounting Darrel's degree of debilitation due to depression and

anxiety are not supported by a "holistic review of the medical record, which evidence significant mental health symptoms." *Id.* at 20.

The Commissioner responds that the ALJ utilized permissible techniques for credibility evaluation, such as considering inconsistent statements and reputation for truthfulness. ECF No. 24 at 5. The Commissioner argues that the ALJ properly cited to inconsistent reports by Plaintiff about marijuana and narcotics use and medical opinions supporting that Plaintiff was engaging in symptom magnification to give less credit to Plaintiff's symptom testimony. *Id.* at 5−6.

If discrediting a claimant's subjective symptom testimony, the ALJ must articulate specific reasons for doing so. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "must specifically identify what testimony is credible and what evidence undermines the claimant's complaints." *Id*. at 972 (quotations omitted); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (ALJ must articulate reasons that are "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

The Ninth Circuit has explained:

> The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ provided "specific, clear and convincing" reasons for rejecting the claimant's testimony. *See Burrell*, 775 F.3d at 1136. The ALJ detailed extensive support in the record for his conclusion that Darrel's symptom testimony should be only partially credited due to drug seeking behavior. AR 1094−96. The ALJ also contrasted Plaintiff's daily activities and concluded that they were inconsistent with Plaintiff's symptom and limitation reports. AR 1098 (finding that Plaintiff's November 2018 testimony that he has severe limitations in lifting any weight conflicts with Plaintiff's disclosure in September 2018 that he helped a friend move a table up stairs). Finally, the ALJ accurately cited to the record in reciting discrepancies between Plaintiff's symptom and limitation allegations and Plaintiff's medical records. AR 1090−1103. Finding that the ALJ applied the appropriate legal standards and drew reasonable conclusions from the evidence in the record, the Court does not find error on this ground.

ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

### C. Treatment of Examining Medical Opinions

Plaintiff argues that the ALJ erred in discounting the examining opinions of Jose Perez, M.Ed., Russell Anderson, M.S.W., Dick Moen, M.S.W., and Jan Kouzes, Ed.D., because the ALJ "did not evaluate whether these opinions are entitled to weight for the period at issue in the March 2015 administrative decision." ECF No. 25 at 6. Rather, Plaintiff notes that the ALJ "found that these opinions are not entitled to weight because, according to the ALJ, the medical evidence since that time 'fails to show a worsening in [Darrel's] mental health condition." *Id.* at 6−7 (quoting AR 1103).

The Commissioner posits that the district court's order in Plaintiff's previous appeal held that ALJ Sloan, the second ALJ to hear Plaintiff's claims, properly discounted the opinions of these medical and other evaluators. ECF No. 24 at 15 (citing AR 1193−95 (District Court's Mar. 22, 2018 Order)). Therefore, the Commissioner argues that "this Court should apply the law of the case [doctrine] and not disturb the district court's determination that the ALJ properly gave these opinions little weight." *Id.*

The ALJ concluded with respect to Mr. Perez, Mr. Anderson, Mr. Moen, and Dr. Kouzes:

> In her March 2015 decision, Judge Sloan gave little weight to the opinions of Mr. Anderson, Mr. Perez, Mr. Moen, and Dr. Kouzes. Because the District Court concluded Judge Sloan properly rejected these opinions, and the current evidence fails to show a worsening in the claimant's mental condition, I incorporate and continue to adopt

ORDER DENYING PLAINTIFF'S MOTION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

Judge Sloan's analysis/findings of Mr. Anderson, Mr. Perez, Mr. Moen, and Dr. Kouzes.

AR 1103.

The Court does not find any basis upon which to find that ALJ Mangrum erroneously treated the opinions at issue. Those opinions had been rejected by a previous ALJ; the district court had found the rejection to be legally permissible; and ALJ Mangrum supplemented ALJ Sloan and the district court's findings by adding a finding that subsequent evidence did not undermine ALJ Sloan's conclusion. Accordingly, the Court finds no error on this ground.

Having found no error in the ALJ's decision, the Court grants the Commissioner's motion for summary judgment and denies Plaintiff's motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 24**, is **GRANTED**.

3. Judgment shall be entered in favor of Defendant.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 27, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge